

**null / ALL**
**Transmittal Number: 17048934**
**Date Processed: 08/23/2017**

# Notice of Service of Process

| Primary Contact: | State Farm Enterprise SOP |
| --- | --- |
| | Corporation Service Company- Wilmington, DELAWARE |
| | 251 Little Falls Dr |
| | Wilmington, DE 19808-1674 |

| | |
| --- | --- |
| **Entity:** | State Farm Fire and Casualty Company |
| | Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | White Knight Diner, LLC vs. Arbitration Forums, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | St. Louis City Circuit Court, Missouri |
| **Case/Reference No:** | 1722-CC10901 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 08/22/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | MO Department of Insurance, Financial Institutions and Professional Registration on 08/16/2017 |
| **How Served:** | Certified Mail |
| Sender Information: | Gonzalo Femandez |
| | 314-621-3743 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT C**



MISSOURI DEPARTMENT OF INSURANCE, FINANCIAL INSTITUTIONS
AND PROFESSIONAL REGISTRATION
P.O. BOX 4001
301 W.HIGH ST. RM 530
JEFFERSON CITY, MO 65102

**REGULATORY FEE**
**INVOICE**
**FIRST NOTICE**

STATE FARM FIRE AND CASUALTY COMPANY
CSC LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

| | |
|---|---|
| **Invoice Number:** | **201708RF00123** |
| Invoice Date: | 08/17/2017 |
| Due Date: | 09/16/2017 |
| Ref. Number: | |
| Contact Phone: | |

This invoice is a statement of the fees you owe under the insurance laws of this state. Fees incurred and payments received after the date of invoice are not reflected in this invoice. Failure to pay invoiced fees may subject you to owing double the amount of the fees shown, pursuant to section 374.240, RSMo 2000.

WHITE KNIGHT DINER V. STATE FARM FIRE AND CASUALTY COMPANY
ST. LOUIS CITY CIRCUIT COURT 1722-CC10901

PURSUANT TO SECTION 374-230 (8), FEE FOR ACCEPTING SERVICE OF PROCESS UPON YOUR COMPANY PLEASE RETURN
THIS BILL WITH YOUR CHECK.'

| INVOICE SOURCE | AMOUNT | ADJ | NET AMOUNT |
|---|---|---|---|
| SERVICE OF PROCESS | $10.00 | | $10.00 |
| **TOTAL:** | $10.00 | $0.00 | $10.00 |
| **TOTAL AMOUNT DUE:** | | | $10.00 |

Please contact the following individual(s) with questions:
SERVICE OF PROCESS  LATIMK  573-751-2619

Please return a copy of this statement along with your payment for the total amount shown within 30 days to: DIFP-Insurance,
P.O. Box 4001, Jefferson City, MO 65102.

If you have any questions regarding payment of this invoice, please contact the Fiscal Services Section at (573) 751-4439.

State of Missouri

# Department of Insurance, Financial Institutions and Professional Registration

**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

STATE FARM FIRE AND CASUALTY COMPANY
CSC LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**RE:** Court: St. Louis City Circuit Court, Case Number: 1722-CC10901

    You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the state of Missouri, Dated at Jefferson City, Missouri this 16th day of August, 2017.

*Chlora Lindley Myers*

Director of Insurance, Financial Institutions
and Professional Registration

 **IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>JOAN L MORIARTY | Case Number: 1722-CC10901 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>WHITE KNIGHT DINER | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL D STOKES<br>133 S 11TH ST<br>SUITE 350<br>SAINT LOUIS, MO 63102 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>ARBITRATION FORUMS, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | SOP RECEIPT DATE |
| Nature of Suit:<br>CC Declaratory Judgment | | AUG 16 2017 (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **STATE FARM FIRE AND CASUALTY COMPANY**
                        Alias:

MO. DEPT OF INSURANCE,
FINANCIAL INSTITUTIONS &
PROFESSIONAL REGISTRATION

**COLE COUNTY, MO**

DIRECTOR OF INSURANCE
301 WEST HIGH STREET ROOM 530
JEFFERSON CITY, MO 65101


**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

__August 2, 2017__                          _Thomas Kloppinger_
        Date                                       Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                    _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

                **Must be sworn before a notary public if not served by an authorized officer:**

_(Seal)_      Subscribed and sworn to before me on _____ (date).

              My commission expires: _____          _____
                                    Date                       Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

WHITE KNIGHT DINER, LLC )
)
INTERVENTIONAL PAIN )
INSTITUTE, LLC )
)
LARRY LEE HINDS )
)
KAREN FREINER )
)
WILLIAM WENDLING )
)
DR. ROBERT THOMURE, DDS )
)
KATHLEEN THOMURE )
)
JAY KIESEWETTER )
)
BARBARA MYERS )
) Cause No.
VICTORIA MARTIN )
)
ON BEHALF OF THEMSELVES )
AND ALL OTHER PERSONS )
AND ENTITITES SIMILARLY )
SITUATED, )
)
        Plaintiffs, )
Vs. )
)
ARBITRATION FORUMS, INC. )
Serve: )
3820 North Dace Boulevard )
Suite 200 A )
Tampa, FL 33624 )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)

1

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

STATE FARM FIRE AND CASUALTY )
COMPANY                      )
Serve:                       )
Director of Insurance        )
301 West High Street         )
Room 530                     )
Jefferson City, MO 65101     )
                             )
OWNERS INSURANCE COMPANY     )
Serve:                       )
Director of Insurance        )
301 West High Street         )
Room 530                     )
Jefferson City, MO 65101     )
                             )
SAFECO INSURANCE COMPANY     )
Serve:                       )
Director of Insurance        )
301 West High Street         )
Room 530                     )
Jefferson City, MO 65101     )
                             )
ZURICH INSURANCE COMPANY     )
Serve:                       )
Director of Insurance        )
301 West High Street         )
Room 530                     )
Jefferson City, MO 65101     )
                             )
ACUITY INSURANCE COMPANY     )
Serve:                       )
Director of Insurance        )
301 West High Street         )
Room 530                     )
Jefferson City, MO 65101     )
                             )
AAA INSURANCE COMPANY        )
(A Missouri Insurance Company) )
Serve:                       )
Director of Insurance        )
301 West High Street         )
Room 530                     )
Jefferson City, MO 65101     )
                             )
        Defendants.          )

2

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

## VERIFIED PETITION IN EQUITY FOR DELCARATORY JUDGMENT, COMPENSATORY DAMAGES AND EXEMPLARY DAMAGES

COME NOW Plaintiffs and for their cause of action, on their behalf, and on behalf of all others similarly situated, against the above-named Defendants, and other entities not named, but similarly situated, state as follows:

1. Plaintiffs White Knight Diner, LLC and Interventional Pain Institute, LLC are Missouri Limited Liability Companies who, within the last five years, suffered damage to real property in Missouri as a result of the negligence of third party tortfeasors not named in this action.

2. Plaintiffs, William Wendling, Dr. Robert Thomure, DDS, Kathleen Thomure, Jay Kiesewetter, Barbara Myers, Victoria Martin, Larry Lee Hinds and Karen Freiner are residents of the State of Missouri who, within the last five years, suffered damage to personal property in Missouri as a result of the negligence of third party tortfeasors not named in this action.

3. That the aforementioned damage suffered by the aforementioned Plaintiffs was such that, even after repair, their property could not be restored to the value it had immediately prior to the event that caused the damage, and, as such, the "measure of damage" suffered by the Plaintiffs as a result of the negligence of the unnamed third party tortfeasors was the difference in the fair market value of the Plaintiffs' property immediately before and after the event causing damage.

4. Defendant State Farm Mutual Automobile Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to sell and process casualty and liability insurance in the State of Missouri.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

5.   Defendant State Farm Fire and Casualty Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

6.   Defendant Owners Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

7.   Defendant Safeco Insurance Company  is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

8.   Defendant Zurich Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

9.   Defendant Acuity Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

10.   Defendant AAA Insurance Company is a Missouri Insurance company duly authorized and existing in accordance with Missouri Statute and, as such, writes, sells and processes casualty and liability insurance claims in the State of Missouri.

11.   That all of the aforementioned defendants and insurance company have offices and/or agents located in the City of St. Louis.

12.   That on or about April 14, 2015 plaintiff William Wendling, a resident of the City of St. Louis, was involved in a collision at the intersection of Arsenal Street and

4

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

McCausland Boulevard in the City of St. Louis were in his vehicle, which was covered by a policy of insurance issued by defendant Acuity Insurance Company, suffered damage.

13. That on or about March 30, 2016 plaintiff Dr. Robert Thomure and Kathleen Thomure, residents of the City of St. Louis, owned a vehicle which was covered by a policy of insurance issued by defendant State Farm Mutual Automobile Insurance Company, which vehicle was stolen on Manchester Rd. in the City of St. Louis and later sustained damaged.

14. That on or about March 15, 2015 plaintiff White Knight Diner LLC operated a restaurant in a building located in the City of St. Louis that was owned by plaintiff Karen Freiner and Lee Hinds and which was covered by a policy of insurance issued by defendant Owner's Insurance Company. On that date, the building sustained damage when it was collided with by a vehicle which was covered by a policy of insurance issued by defendant State Farm Mutual Automobile Insurance Company.

15. With the exception of the Defendant, Arbitration Forums, Inc., all of the named Defendants are insurance companies duly licensed and authorized to write liability and casualty insurance policies in the State of Missouri in accordance with Missouri Statute, statutes, regulations and case law.

16. With the exception of the Defendant, Arbitration Forums, Inc., all of the named Defendants issued policies of liability and casualty insurance either for the named Plaintiffs or to third party tortfeasors whose negligence caused damage to the named Plaintiffs' property.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

17.  With the exception of the Defendant, Arbitration Forums, Inc., all of the named Defendants paid or asserted unlawful "subrogation claims" without the knowledge or consent of their named insured.

18.  In Missouri, a subrogation interest is equitable in nature and exists only as and between an insurance company and its named insured.

19.  In Missouri, a property casualty insurer has no legal right to make a direct claim against an alleged tortfeasor or its liability insurer for reimbursement of any payments it made to its insured.

20.  In Missouri, a subrogation claim does not accrue unless and until an insured recovers monies from or on behalf of the third party tortfeasor responsible for the insured's property loss.

21.  In Missouri, an insured is not obligated to reimburse its property casualty insurer for payments that insurance company made to the insured under the insured's property and casualty insurance policy for an insured loss unless the amount received from or on behalf of a third party tortfeasor exceeds the value of the insured's "uninsured loss".

22.  In Missouri, an insurance company asserting a subrogation claim against its insured must reduce that claim by its pro-rata share of the litigation expenses and attorney's fees incurred by the insured in the process of recovering funds from the third party tortfeasor responsible for the insured's loss.

23.  Defendant, Arbitration Forums, Inc. is a not-for-profit corporate entity whose members include property casualty insurance companies and, as such, is in the business of arbitrating and mediating illegal and unlawful subrogation claims in the

6

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

State of Missouri. Those members include, but are not limited to, the named Defendants herein. That said arbitrations and mediations are done without the knowledge or consent of the named insureds of those casualty insurance companies.

24. All of the named Defendant property casualty insurance companies, after paying property damage claims to their named insureds, including the named Plaintiffs, and without the knowledge or consent of those insureds, presented unlawful and illegal "subrogation" claims, through Defendant Arbitration Forums, Inc., to other liability insurance companies covering liability claims for the third party tortfeasors responsible in negligence for the property damage loss suffered by each of the named Plaintiffs.

25. As a result of the aforementioned acts, each of the named Plaintiffs suffered a monetary loss and will in the future continue to suffer said monetary loss.

## ALLEGATIONS COMMON TO THE CLASS

26. This action is brought pursuant to Missouri Supreme Court Rule 52.08 on behalf of the Plaintiffs and all similarly situated individuals consisting of:

a) such persons who suffered a property damage loss as a result of the actions of alleged third party tortfeasors, and who were and are insureds of the named property and casualty insurance company Defendants;

b) such persons whose property casualty insurers, following payment to their insureds for property loss, made unlawful and illegal "subrogation claims" directly against third party tortfeasors or their liability insurance companies; and

c) such persons who have property damage claims pending against third party tortfeasors and who have had their property damage claim paid by their

7

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

property and casualty insurance company, which property and casualty insurance company has a "subrogation claim" pending with and through Defendant Arbitration Forums, Inc. in the State of Missouri.

27.  The class is so numerous that joinder of all members of the class is impracticable as the number of putative class members are counted in the thousands. .

28.  There are questions of law and fact common to the class, as each putative class member seeks an order from this court declaring that the Defendants "subrogation claims" made directly to third party tortfeasors or their insurers are unlawful and illegal in the State of Missouri.

29.  The claims of representative Plaintiffs are typical of the claims of the class as each of their property casualty insurance companies have submitted or paid unlawful and illegal "subrogation claims" directed to third party tortfeasors or their insurers.

30.  Plaintiffs will thoroughly and adequately protect all members of the putative class.

31.  The prosecution of separate actions by or against individual members of the class would create the risk of incompatible standards of conduct for members of the class and the Defendants.

32.  The prosecution of separate actions by or against individual members of the class would create the risk of adjudications which would, as a practical matter, be dispositive of the interest of other members not parties to the adjudications, or substantially incur and impede their ability to protect their interest.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

33.  The class action mechanism created by Missouri Supreme Court Rule 52.08 is a superior and more efficient method of addressing the issues contained herein promoting judicial economy as the named Plaintiffs and the putative class members cannot afford to litigate against Defendants individually, thereby making this class action the preferable method of disposing of said claims together, as opposed to piecemeal litigation.

34.  All the named Defendants have acted on grounds generally applicable to the class, thereby making final declaratory judgment relief appropriate in this matter as Defendants have acted or refused to act on grounds generally applicable to the putative class.

35.  The questions of law and fact common to the class predominate over any questions affecting only individual members and, therefore, a class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the only core issue for this court to determine is whether the Defendants acted unlawfully and illegally in presenting "subrogation claims" to third party tortfeasors or their insurers.

## COUNT I

COME NOW Plaintiffs, on their behalf and on behalf of all others similarly situated, and seek a declaratory judgment from this Court, and as a basis for said request, Plaintiffs state:

36.  Plaintiffs incorporate by reference herein paragraphs 1 through 31 of this Petition.

37.  Defendants collection and/or payment of any monies arising from a direct

9

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

"subrogation claim" against an alleged third party tortfeasor or its insurer seeking reimbursement of payments made to an insured by the Defendants is unlawful and illegal.

38.   Defendants failure to reduce its "subrogation claim" against its insured by a pro-rata share of the insured's attorney's fees and expenses incurred in securing payment from a third party tortfeasor is unlawful.

39.   Defendants presentation of a subrogation claim against its insured when the insured has not been fully compensated for its "uninsured loss" is unlawful.

WHEREFORE, Plaintiffs pray for an Order of this Court declaring that the actions of the aforementioned Defendants are unlawful and illegal, and preventing each of the named Defendants from all similar unlawful acts in the future.

## COUNT II

COME NOW Plaintiffs, and for Count II of this Petition directed to each of the Defendants for unjust enrichment, state as follows:

40.   Plaintiffs incorporate by reference herein paragraphs 1 through 31 of the Petition.

41.   As a direct and proximate result of the aforementioned illegal and unlawful acts of each of the named Defendants, the Defendants have become unjustly enriched in receiving funds that they were not legally entitled to receive.

WHEREFORE, Plaintiffs pray for an Order of this Court requiring Defendants to disengorge themselves of all unlawfully recovered funds.

10

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

## COUNT III

COME NOW Plaintiffs, and for Count III of this Petition, claim compensatory damages from each of the named Defendants and, as a basis for said request, Plaintiffs state as follows:

42.  Plaintiffs incorporate by reference herein paragraphs 1 through 31 of the Petition.

43.  As a direct and proximate result of the unlawful and illegal actions of each of the named Defendants, Plaintiffs have been damaged in the following respects, to-wit:

a)  Plaintiffs have incurred an increase in their liability and casualty insurance rates;

b)  Plaintiffs have failed to receive the full amount of their "deductible" as that term is used and defined in the insurance policies issued by the named Defendants to the named Plaintiffs, and all others similarly situated;

c)  Plaintiffs have failed to receive funds for any legal expenses and costs incurred in recovering funds from third party tortfeasors;

d)  Defendants have interfered with the Plaintiffs' ability to present claims for damages.

WHEREFORE, for Count III of their Petition, Plaintiffs pray for compensatory damages on their behalf, and on behalf of all others similarly situated, against the Defendants, and all others similarly situated, together with Plaintiffs' costs herein expended.

11

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

## COUNT IV

COME NOW Plaintiffs, on their behalf and on behalf of all other similarly situated, and for Count IV of this Petition, state as follows:

44. Plaintiffs incorporate by reference herein paragraphs 1 through 39 of the Petition.

45. That the conduct of Defendants as hereinbefore set out was willful, wanton and malicious, and done in conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for Count IV of this Petition, Plaintiffs pray for exemplary damage on their behalf, and on behalf of all others similarly situated, against the Defendants, and all others similarly situated, together with Plaintiffs' costs herein expended.


DEVEREAUX, STOKES,
FERNANDEZ & LEONARD, P.C.


/s/ Gonzalo Fernandez


GONZALO FERNANDEZ
Attorney for Plaintiffs
133 South 11th Street, Suite 350
St. Louis, MO  63102
(314) 621-3743
Fax:  (314) 621-5705

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

DEVEREAUX, STOKES,
FERNANDEZ & LEONARD, P.C.

MICHAEL D. STOKES
Attorney for Plaintiffs
133 South 11th Street, Suite 350
St. Louis, MO 63102
(314) 621-3743
Fax: (314) 621-5705

KATHLEEN THOMURE

Subscribed and sworn to before this __27__ day of __July__ 20_17_.

NOTARY PUBLIC

My Commission Expires:

KIMBERLEE A. ZIMMERMANN
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for St. Louis County
My Commission Expires: June 2, 2020
Commission # 12594408

13

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

WHITE KNIGHT DINER, LLC )
)
INTERVENTIONAL PAIN )
INSTITUTE, LLC )
)
LARRY LEE HINDS )
)
KAREN FREINER )
)
WILLIAM WENDLING )
)
DR. ROBERT THOMURE, DDS )
)
KATHLEEN THOMURE )
)
JAY KIESEWETTER )
)
BARBARA MYERS )
) Cause No.
VICTORIA MARTIN )
)
ON BEHALF OF THEMSELVES )
AND ALL OTHER PERSONS )
AND ENTITITES SIMILARLY )
SITUATED, )
)
          Plaintiffs, )
Vs. )
)
ARBITRATION FORUMS, INC. )
Serve: )
3820 North Dace Boulevard )
Suite 200 A )
Tampa, FL 33624 )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)

1

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

STATE FARM FIRE AND CASUALTY )
COMPANY )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)
OWNERS INSURANCE COMPANY )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)
SAFECO INSURANCE COMPANY )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)
ZURICH INSURANCE COMPANY )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)
ACUITY INSURANCE COMPANY )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)
AAA INSURANCE COMPANY )
(A Missouri Insurance Company) )
Serve: )
Director of Insurance )
301 West High Street )
Room 530 )
Jefferson City, MO 65101 )
)
)
      Defendants. )

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

## VERIFIED PETITION IN EQUITY FOR DELCARATORY JUDGMENT, COMPENSATORY DAMAGES AND EXEMPLARY DAMAGES

COME NOW Plaintiffs and for their cause of action, on their behalf, and on behalf of all others similarly situated, against the above-named Defendants, and other entities not named, but similarly situated, state as follows:

1.  Plaintiffs White Knight Diner, LLC and Interventional Pain Institute, LLC are Missouri Limited Liability Companies who, within the last five years, suffered damage to real property in Missouri as a result of the negligence of third party tortfeasors not named in this action.

2.  Plaintiffs, William Wendling, Dr. Robert Thomure, DDS, Kathleen Thomure, Jay Kiesewetter, Barbara Myers, Victoria Martin, Larry Lee Hinds and Karen Freiner are residents of the State of Missouri who, within the last five years, suffered damage to personal property in Missouri as a result of the negligence of third party tortfeasors not named in this action.

3.  That the aforementioned damage suffered by the aforementioned Plaintiffs was such that, even after repair, their property could not be restored to the value it had immediately prior to the event that caused the damage, and, as such, the "measure of damage" suffered by the Plaintiffs as a result of the negligence of the unnamed third party tortfeasors was the difference in the fair market value of the Plaintiffs' property immediately before and after the event causing damage.

4.  Defendant State Farm Mutual Automobile Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to sell and process casualty and liability insurance in the State of Missouri.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

5.   Defendant State Farm Fire and Casualty Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

6.   Defendant Owners Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

7.   Defendant Safeco Insurance Company  is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

8.   Defendant Zurich Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

9.   Defendant Acuity Insurance Company is a foreign insurance company duly authorized and existing in accordance with Missouri Statute authorized to write, sell and process casualty and liability insurance in the State of Missouri.

10.   Defendant AAA Insurance Company is a Missouri Insurance company duly authorized and existing in accordance with Missouri Statute and, as such, writes, sells and processes casualty and liability insurance claims in the State of Missouri.

11.   That all of the aforementioned defendants and insurance company have offices and/or agents located in the City of St. Louis.

12.   That on or about April 14, 2015 plaintiff William Wendling, a resident of the City of St. Louis, was involved in a collision at the intersection of Arsenal Street and

4

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

McCausland Boulevard in the City of St. Louis were in his vehicle, which was covered by a policy of insurance issued by defendant Acuity Insurance Company, suffered damage.

13. That on or about March 30, 2016 plaintiff Dr. Robert Thomure and Kathleen Thomure, residents of the City of St. Louis, owned a vehicle which was covered by a policy of insurance issued by defendant State Farm Mutual Automobile Insurance Company, which vehicle was stolen on Manchester Rd. in the City of St. Louis and later sustained damaged.

14. That on or about March 15, 2015 plaintiff White Knight Diner LLC operated a restaurant in a building located in the City of St. Louis that was owned by plaintiff Karen Freiner and Lee Hinds and which was covered by a policy of insurance issued by defendant Owner's Insurance Company. On that date, the building sustained damage when it was collided with by a vehicle which was covered by a policy of insurance issued by defendant State Farm Mutual Automobile Insurance Company.

15. With the exception of the Defendant, Arbitration Forums, Inc., all of the named Defendants are insurance companies duly licensed and authorized to write liability and casualty insurance policies in the State of Missouri in accordance with Missouri Statute, statutes, regulations and case law.

16. With the exception of the Defendant, Arbitration Forums, Inc., all of the named Defendants issued policies of liability and casualty insurance either for the named Plaintiffs or to third party tortfeasors whose negligence caused damage to the named Plaintiffs' property.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

17. With the exception of the Defendant, Arbitration Forums, Inc., all of the named Defendants paid or asserted unlawful "subrogation claims" without the knowledge or consent of their named insured.

18. In Missouri, a subrogation interest is equitable in nature and exists only as and between an insurance company and its named insured.

19. In Missouri, a property casualty insurer has no legal right to make a direct claim against an alleged tortfeasor or its liability insurer for reimbursement of any payments it made to its insured.

20. In Missouri, a subrogation claim does not accrue unless and until an insured recovers monies from or on behalf of the third party tortfeasor responsible for the insured's property loss.

21. In Missouri, an insured is not obligated to reimburse its property casualty insurer for payments that insurance company made to the insured under the insured's property and casualty insurance policy for an insured loss unless the amount received from or on behalf of a third party tortfeasor exceeds the value of the insured's "uninsured loss".

22. In Missouri, an insurance company asserting a subrogation claim against its insured must reduce that claim by its pro-rata share of the litigation expenses and attorney's fees incurred by the insured in the process of recovering funds from the third party tortfeasor responsible for the insured's loss.

23. Defendant, Arbitration Forums, Inc. is a not-for-profit corporate entity whose members include property casualty insurance companies and, as such, is in the business of arbitrating and mediating illegal and unlawful subrogation claims in the

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

State of Missouri. Those members include, but are not limited to, the named Defendants herein. That said arbitrations and mediations are done without the knowledge or consent of the named insureds of those casualty insurance companies.

24. All of the named Defendant property casualty insurance companies, after paying property damage claims to their named insureds, including the named Plaintiffs, and without the knowledge or consent of those insureds, presented unlawful and illegal "subrogation" claims, through Defendant Arbitration Forums, Inc., to other liability insurance companies covering liability claims for the third party tortfeasors responsible in negligence for the property damage loss suffered by each of the named Plaintiffs.

25. As a result of the aforementioned acts, each of the named Plaintiffs suffered a monetary loss and will in the future continue to suffer said monetary loss.

## ALLEGATIONS COMMON TO THE CLASS

26. This action is brought pursuant to Missouri Supreme Court Rule 52.08 on behalf of the Plaintiffs and all similarly situated individuals consisting of:

a) such persons who suffered a property damage loss as a result of the actions of alleged third party tortfeasors, and who were and are insureds of the named property and casualty insurance company Defendants;

b) such persons whose property casualty insurers, following payment to their insureds for property loss, made unlawful and illegal "subrogation claims" directly against third party tortfeasors or their liability insurance companies; and

c) such persons who have property damage claims pending against third party tortfeasors and who have had their property damage claim paid by their

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

property and casualty insurance company, which property and casualty insurance company has a "subrogation claim" pending with and through Defendant Arbitration Forums, Inc. in the State of Missouri.

27. The class is so numerous that joinder of all members of the class is impracticable as the number of putative class members are counted in the thousands. .

28. There are questions of law and fact common to the class, as each putative class member seeks an order from this court declaring that the Defendants "subrogation claims" made directly to third party tortfeasors or their insurers are unlawful and illegal in the State of Missouri.

29. The claims of representative Plaintiffs are typical of the claims of the class as each of their property casualty insurance companies have submitted or paid unlawful and illegal "subrogation claims" directed to third party tortfeasors or their insurers.

30. Plaintiffs will thoroughly and adequately protect all members of the putative class.

31. The prosecution of separate actions by or against individual members of the class would create the risk of incompatible standards of conduct for members of the class and the Defendants.

32. The prosecution of separate actions by or against individual members of the class would create the risk of adjudications which would, as a practical matter, be dispositive of the interest of other members not parties to the adjudications, or substantially incur and impede their ability to protect their interest.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

33.  The class action mechanism created by Missouri Supreme Court Rule 52.08 is a superior and more efficient method of addressing the issues contained herein promoting judicial economy as the named Plaintiffs and the putative class members cannot afford to litigate against Defendants individually, thereby making this class action the preferable method of disposing of said claims together, as opposed to piecemeal litigation.

34.  All the named Defendants have acted on grounds generally applicable to the class, thereby making final declaratory judgment relief appropriate in this matter as Defendants have acted or refused to act on grounds generally applicable to the putative class.

35.  The questions of law and fact common to the class predominate over any questions affecting only individual members and, therefore, a class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the only core issue for this court to determine is whether the Defendants acted unlawfully and illegally in presenting "subrogation claims" to third party tortfeasors or their insurers.

### **COUNT I**

COME NOW Plaintiffs, on their behalf and on behalf of all others similarly situated, and seek a declaratory judgment from this Court, and as a basis for said request, Plaintiffs state:

36.  Plaintiffs incorporate by reference herein paragraphs 1 through 31 of this Petition.

37.  Defendants collection and/or payment of any monies arising from a direct

9

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

"subrogation claim" against an alleged third party tortfeasor or its insurer seeking reimbursement of payments made to an insured by the Defendants is unlawful and illegal.

38.   Defendants failure to reduce its "subrogation claim" against its insured by a pro-rata share of the insured's attorney's fees and expenses incurred in securing payment from a third party tortfeasor is unlawful.

39.   Defendants presentation of a subrogation claim against its insured when the insured has not been fully compensated for its "uninsured loss" is unlawful.

WHEREFORE, Plaintiffs pray for an Order of this Court declaring that the actions of the aforementioned Defendants are unlawful and illegal, and preventing each of the named Defendants from all similar unlawful acts in the future.

## COUNT II

COME NOW Plaintiffs, and for Count II of this Petition directed to each of the Defendants for unjust enrichment, state as follows:

40.   Plaintiffs incorporate by reference herein paragraphs 1 through 31 of the Petition.

41.   As a direct and proximate result of the aforementioned illegal and unlawful acts of each of the named Defendants, the Defendants have become unjustly enriched in receiving funds that they were not legally entitled to receive.

WHEREFORE, Plaintiffs pray for an Order of this Court requiring Defendants to disengorge themselves of all unlawfully recovered funds.

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

## COUNT III

COME NOW Plaintiffs, and for Count III of this Petition, claim compensatory damages from each of the named Defendants and, as a basis for said request, Plaintiffs state as follows:

42.   Plaintiffs incorporate by reference herein paragraphs 1 through 31 of the Petition.

43.   As a direct and proximate result of the unlawful and illegal actions of each of the named Defendants, Plaintiffs have been damaged in the following respects, to-wit:

a)   Plaintiffs have incurred an increase in their liability and casualty insurance rates;

b)   Plaintiffs have failed to receive the full amount of their "deductible" as that term is used and defined in the insurance policies issued by the named Defendants to the named Plaintiffs, and all others similarly situated;

c)   Plaintiffs have failed to receive funds for any legal expenses and costs incurred in recovering funds from third party tortfeasors;

d)   Defendants have interfered with the Plaintiffs' ability to present claims for damages.

WHEREFORE, for Count III of their Petition, Plaintiffs pray for compensatory damages on their behalf, and on behalf of all others similarly situated, against the Defendants, and all others similarly situated, together with Plaintiffs' costs herein expended.

11

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

## COUNT IV

COME NOW Plaintiffs, on their behalf and on behalf of all other similarly situated, and for Count IV of this Petition, state as follows:

44.  Plaintiffs incorporate by reference herein paragraphs 1 through 39 of the Petition.

45.  That the conduct of Defendants as hereinbefore set out was willful, wanton and malicious, and done in conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for Count IV of this Petition, Plaintiffs pray for exemplary damage on their behalf, and on behalf of all others similarly situated, against the Defendants, and all others similarly situated, together with Plaintiffs' costs herein expended.

DEVEREAUX, STOKES,
FERNANDEZ & LEONARD, P.C.

/s/ Gonzalo Fernandez

GONZALO FERNANDEZ
Attorney for Plaintiffs
133 South 11th Street, Suite 350
St. Louis, MO 63102
(314) 621-3743
Fax: (314) 621-5705

Electronically Filed - City of St. Louis - July 28, 2017 - 03:28 PM

DEVEREAUX, STOKES,
FERNANDEZ & LEONARD, P.C.

MICHAEL D. STOKES
Attorney for Plaintiffs
133 South 11th Street, Suite 350
St. Louis, MO  63102
(314) 621-3743
Fax:  (314) 621-5705

KATHLEEN THOMURE

Subscribed and sworn to before this ___27___ day of ___July___ 20 _17_.

NOTARY PUBLIC

My Commission Expires:

KIMBERLEE A. ZIMMERMANN
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for St. Louis County
My Commission Expires: June 2, 2020
Commission # 12564409

13

**MISSOURI DEPARTMENT OF INSURANCE, FINANCIAL
INSTITUTIONS AND PROFESSIONAL REGISTRATION**
PO BOX 690
JEFFERSON CITY  MO 65102-0690

MO 375-1796 (8-06)



CERTIFIED MAIL

7016 0340 0000 7970 3319

FIRST CLASS MAIL

STATE FARM FIRE AND
CASUALTY COMPANY
CSC LAWYERS
INCORPORATING SERVICE
COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101