# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WHITE KNIGHT DINER, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02406 JAR |
| | ) | |
| ARBITRATION FORUMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This putative class action is brought on behalf of various Missouri insureds, for damages incurred as a result of the alleged misconduct of their respective insurance companies, and the insurance companies for unnamed third-party tortfeasors, in connection with an arbitration services company. Plaintiffs seek relief in the form of declaratory judgment, permanent injunctive relief, and unjust enrichment, as well as compensatory and punitive damages. The action was originally filed on July 27, 2017 in the Circuit Court of St. Louis County, Missouri (Doc. No. 5). Plaintiffs named as Defendants Arbitration Forums, Inc. ("Arbitration Forums"), State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"), Owners Insurance Company ("Owners"), Safeco Insurance Company ("Safeco"), Zurich Insurance Company ("Zurich")[1], Acuity Insurance Company ("Acuity"), and AAA Insurance Company ("AAA"). On September 5, 2017, Plaintiffs amended their petition by interlineation to change the name Safeco Insurance Company to Safeco Insurance Company of Illinois, and the name AAA Insurance Company to Automobile Club Inter-Insurance Exchange (Doc. No. 6).

---

[1] On December 21, 2017, Plaintiffs voluntarily dismissed their claims against Zurich. (Doc. Nos. 86, 90.)

State Farm timely removed the action to this Court on September 14, 2017 under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d). (Doc. No. 1.) On September 15, 2017, Acuity and Owners removed the identical state court case on the basis of complete diversity and CAFA, resulting in a separate case being opened, Case No. 4:17-CV-02416 RLW. The Court subsequently consolidated the cases and directed that all future filings be made in Case No. 4:17-CV-02406 JAR (Doc. No. 50).

Acuity moved to dismiss the case on September 15, 2017 (Doc. No. 12), as did State Farm on September 19, 2017 (Doc. No. 19), Owners on September 21, 2017 (Doc. No. 21), and Arbitration Forums on October 6, 2017 (Doc. No. 28). Plaintiffs did not respond to Defendants' motions to dismiss[2], or request additional time to respond pursuant to Fed. R. Civ. P. 6(b)(1). Instead, on October 11, 2017, well after the deadlines for responding had passed, Plaintiffs moved to remand on the grounds that their action comes under the "local controversy" exception to CAFA, thus defeating federal jurisdiction (Doc. No. 34). Plaintiffs then moved to stay the Court's ruling on the pending motions to dismiss (as well as any later filed motions to dismiss[3]) until such time as a decision is rendered on their motion for remand (Doc. No. 32). Defendants oppose Plaintiffs' motion to remand on the grounds that Plaintiffs have failed to meet their burden to establish the applicability of any exception to CAFA removal. (Doc. Nos. 43, 46, 47, 48.)

---

[2] Pursuant to E.D. Mo. L.R. 4.01, "each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." Therefore, Plaintiffs' response to Acuity's motion was due on or before September 22, 2017; Plaintiffs' response to State Farm's motion was due on or before September 26, 2017; Plaintiffs' response to Owners' motion was due on or before September 28, 2017; Plaintiffs' response to Arbitration Forums' motion was due on or before October 13, 2017.

[3] On December 18, 2017, Defendant Safeco Insurance Company filed a Motion to Dismiss (Doc. No. 78). Plaintiffs have filed a consent motion for extension of time to respond to the motion (Doc. Nos. 85, 91).

On October 18, 2017, the Court ordered Plaintiffs to respond to Defendants' opposition to their request for a stay by October 23, 2017. (Doc. No. 50.) On October 23, 2017, Plaintiffs responded that "judicial economy would best be served by granting the stay so that this Court can first consider the jurisdictional issues raised by the removal and remand pleadings." (Doc. No. 55.) Also on October 23, 2017, Plaintiffs moved for leave to amend their complaint to "set[] forth the nature of their claim with more particularity" pursuant to the pleading requirements of the Federal Rules of Civil Procedure. (Doc. Nos. 53, 54.) No proposed amended pleading was submitted with the motion for leave to amend.

The Court addresses Plaintiffs' motion to remand first, because it must determine whether subject matter jurisdiction exists in this case.

**Legal standard**

Federal courts are courts of limited jurisdiction. Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). A federal district court may exercise removal jurisdiction only where the court would have had original subject-matter jurisdiction had the action initially been filed there. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). When removal jurisdiction is premised upon CAFA, after the removing party demonstrates CAFA's subject-matter jurisdictional requirements, "the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies." Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010).

Generally, a court must resolve all doubts about federal jurisdiction in favor of remand to state court. In re Prempro, 591 F.3d at 620. However, when a party invokes a court's subject-matter jurisdiction under CAFA, a court must give strong preference to the resolution of interstate class actions in federal court. Westerfeld, 621 F.3d at 822 ("CAFA grants broad federal jurisdiction over class actions," and it has "'a strong preference that interstate class actions ... be heard in a federal court.'" (quoting S. Rep. No. 109-14, at 43 (2005))). Stated another way, a court "should resolve any doubt about the applicability of CAFA's ... exception[s] against ... the party who seeks remand and ... bears the burden of establishing that the exception[s] applies." Id. at 823.

**Discussion**

Plaintiffs do not dispute that the subject-matter jurisdictional requirements of CAFA have been met in this case, but argue that the Court must remand the case pursuant to the local controversy exception to CAFA jurisdiction.

Under the local controversy exception, a district court must decline jurisdiction over a class action lawsuit in which (1) more than two-thirds (2/3) of the class members in the aggregate are citizens of the state in which the action was originally filed; (2) at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed; (3) the principal injuries were incurred in the state in which the action was filed; and (4) no other class action alleging similar facts was filed in the three (3) years prior to the commencement of the current class action. 28 U.S.C. § 1332(d)(4)(A); City of O'Fallon, Mo. v. CenturyLink, Inc., 930 F.Supp.2d 1035, 1045 (E.D. Mo. 2013).

Congress created the local controversy exception to CAFA in order to address those removed cases which consist primarily of *intrastate* disputes. Id. (emphasis in the original) (citations omitted). "This provision is intended to respond to concerns that class actions with truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes. At the same time, this is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole. Thus, [ ] in assessing whether each of these criteria is satisfied by a particular case, a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy-a controversy that uniquely affects a particular locality to the exclusion of all others." Id. (quoting Senate Report No. 109-14, at 39 (2005)). The party seeking to invoke the local controversy exception bears the burden of establishing by a preponderance of the evidence that it applies. City of O'Fallon, 930 F. Supp.2d at 1045 (citations omitted).

Defendants do not dispute that the Plaintiffs satisfied the third requirement – that the principal injuries occurred in Missouri – or the fourth requirement – that no other class action with similar facts has been filed within the three years prior to the present action commencing. The dispositive issues are thus (1) whether two-thirds of the class in the aggregate are Missouri citizens, and (2) whether AAA, the only local defendant, qualifies as a "significant defendant."

**Two-thirds of the class are Missouri citizens**

Under CAFA, the citizenship of plaintiffs in the class action is to be determined "as of the date of filing of the complaint or amended complaint." 28 U.S.C. § 1332(d)(7). For the local controversy exception to apply, Plaintiffs must therefore establish by a preponderance of the evidence that more than two-thirds of Plaintiffs' class members were citizens of Missouri as of the date of the operative complaint.

In their motion to remand, Plaintiffs state that "each named plaintiff and all of the potential putative plaintiff class member[s] were residents of the State of Missouri at the time this action was filed with the exception of the few potential putative plaintiff class members who may have moved from Missouri between the date of their collision and the date of this filing. At the very least, well over ninety percent of the putative plaintiff class members would have been residents of the State of Missouri at the time this action was filed." (Doc. No. 34 ¶ 7.) However, Plaintiffs' proposed class definition contains no such Missouri-based limitation. Instead, the class consists broadly of all persons who suffered a property damage loss caused by a third party; were insured by one of the Defendant insurance companies; and whose insurer made a subrogation claim against the third-party or his insurer following payment to the insured for property loss.[4] The only connection to Missouri is the location of the alleged subrogation claims between Defendants and the insurers of the alleged tortfeasors.

The Eighth Circuit recently held, in an issue of first impression, that a "resident" is not the same as a "citizen" for purposes of CAFA's local controversy exception. In <u>Hargett v. RevClaims</u>, LLC, 854 F.3d 962 (8th Cir. 2017), Hargett was injured in a car accident. Following her medical treatment, the hospital required Hargett to assign her rights as a Medicaid

---

[4] Plaintiffs define the class as follows:

  a) such persons who suffered a property damage loss as a result of the actions of alleged third party tortfeasors and who were and are insureds of the named property and casualty insurance company Defendants;
  b) such persons whose property casualty insurers, following payment to their insureds for property loss, made unlawful and illegal "subrogation claims" directly against third party tortfeasors or their liability insurance companies; and
  c) such persons who have property damage claims pending against third party tortfeasors and who have had their property damage claim paid by their property and casualty insurance company, which property and casualty insurance company has a "subrogation claim" pending with and through Defendant Arbitration Forums, Inc. in the State of Missouri.

(Pet. ¶¶ 26(a)-(c).)

6

beneficiary to the hospital. The hospital contracted with RevClaims, LLC to pursue any claim Hargett might have against the driver responsible for her injuries. Hargett contended this practice violated Arkansas law. She sued the hospital, RevClaims, and several other hospitals in Arkansas state court on behalf of a class comprising "[a]ll persons who were Arkansas Medicaid-eligible beneficiaries" who were treated at one of the defendant hospitals and who had similar liens placed on their third-party claims by RevClaims. Hargett alleged that "hundreds, if not thousands, of people geographically dispersed across Arkansas have been damaged by Defendants' actions." Id. at 964.

The defendants removed the action to federal court under CAFA and Hargett moved to remand under the local controversy exception. The district court concluded that Hargett's suit met all the exception's requirements and remanded the case. On appeal, the Eighth Circuit found no basis to ignore the distinction between citizens and residents in the context of CAFA diversity jurisdiction. Because the record did not contain sufficient evidence to determine the citizenship of the class members, and whether they triggered the local controversy exception, the Eighth Circuit remanded the case to the district court for further proceedings.

The Eighth Circuit instructed that plaintiffs like Hargett can meet their burden by presenting evidence of citizenship or by defining the class to include only citizens of the relevant state. Id. at 966. Merely alleging residency, however, is not enough. Id. ("Plaintiffs like Hargett remain free to meet their burden through evidence or through a class explicitly limited to local citizens, but they are not free to rest on guesswork."). Accordingly, Plaintiffs have not met their burden of establishing predominantly local citizenship. This precludes a finding that the local controversy exception applies.

**Significant defendant**

Another requirement for the local controversy exception is that at least one local defendant is a "significant defendant." CAFA defines a "significant defendant" as one "from whom significant relief is sought" and one "whose alleged conduct forms a significant basis for the claims asserted." Westerfeld, 621 F.3d at 823 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) & (bb)). Although CAFA itself does not define or provide guidance for determining whether the relief sought is "significant," or for determining which bases for the plaintiffs' claims are "significant," most courts require that the local defendant's conduct be significant in relation to the conduct of the out-of-state defendants, see Westerfeld, 621 F.3d at 824-25; Johnson v. MFA Petroleum Co., No. 11-0981-CV-W-DGK, 2013 WL 3448075, at *5 (W.D. Mo. July 9, 2013), and that "the relief sought against the local defendant is a significant portion of the entire relief sought by the class," Moore v. Scroll Compressors, LLC, No. 14-03109-CV-S-GAF, 2014 WL 12597511, at *8 (W.D. Mo. July 8, 2014). See also Kaufman v. Allstate New Jersey Insurance Co., 561 F.3d 144, 156 (3d Cir. 2009).

In support of their contention that AAA is a "significant defendant," Plaintiffs submit a number of exhibits with their motion to remand, offering matters outside the pleadings, including:

> That AAA was the casualty insurer for two of the named plaintiffs (Barbara Meyers and Victoria Martin), as shown in correspondence from AAA attached as Exhibits B and C to the Motion (Doc. No. 34 ¶ 11; Doc. No. 34-2; Doc. No. 34-3);

> That AAA has a 2.1% share of the insurance market in Missouri as shown in the St. Louis Business Journal's rankings of the 25 Largest Property and Casualty Insurers in Missouri in Exhibit D (Doc. No. 34 ¶ 12; Doc. No. 34-3);

> The affidavit of Plaintiffs' counsel, Michael D. Stokes, describing "on information and belief" his review of court documents and correspondence attached as Exhibit F, with twelve attachments (Doc. No. 34-6).

The unknown deposition testimony of AAA, whose deposition Plaintiffs noticed for October 24, 2017, as shown in Exhibit G. (Doc. No. 34 ¶ 18; Doc. No. 34-7).[5]

In determining if a defendant is "significant" under the local controversy exception, the majority of circuits find that the district court should consider only the allegations in the plaintiff's complaint or petition for damages. Moore v. Scroll Compressors, LLC, No. 14-03109-CV-S-GAF, 2014 WL 12597511, at *8 (W.D. Mo. July 8, 2014); Johnson, 2013 WL 3448075, at *4 (citations omitted). "[T]he enactment of CAFA did not alter the traditional rule that the plaintiff is the "master of the complaint," and as such, jurisdictional facts must be considered in light of the allegations as contained in the plaintiff's complaint at the time of removal." City of O'Fallon, 930 F. Supp.2d at 1039. Accordingly, the Court confines itself to Plaintiffs' pleadings and the allegations contained therein in considering whether AAA is a "significant defendant."

Here, Plaintiffs' petition alleges that all defendants engaged in the same negligent or fraudulent conduct and seeks the same relief from all defendants.[6] However, Defendants

---

[5] On Acuity's motion, the Court quashed Plaintiffs' notice of deposition on October 18, 2017 (Doc. No. 50).

[6] Plaintiffs allege that:

- With the exception of Arbitration Forums, all of the named Defendants are insurance companies duly licensed and authorized to write liability and casualty insurance policies in the State of Missouri (Pet. ¶ 15);
- With the exception of Arbitration Forums, all of the named Defendants issued policies of liability and casualty insurance either for the named Plaintiffs or to third party tortfeasors whose negligence caused damage to the named Plaintiffs' property (Pet. ¶ 16);
- With the exception of Arbitration Forums, all of the named Defendants paid or asserted unlawful "subrogation claims" without the knowledge or consent of their named insured (Pet. ¶ 17);
- Defendants['] collection and/or payment of any monies arising from a direct "subrogation claim" against an alleged third party tortfeasor or its insurer seeking reimbursement of payments made to an insured by the Defendants is unlawful and illegal (Pet. ¶ 37);
- Defendants['] failure to reduce its "subrogation claim" against its insured by a pro-rata share of the insured's attorney's fees and expenses incurred in securing payment from a third party tortfeasor is unlawful (Pet. ¶ 38);

maintain that AAA does not meet the "significant defendant" requirements because Plaintiffs have not alleged sufficient facts from which the Court can determine the level of AAA's conduct in comparison to the non-Missouri defendants. In other words, nothing in the petition distinguishes AAA's conduct from the conduct of the other out-of-state defendants. See Johnson, 2013 WL 3448075, at *6 ("Here, Plaintiff has merely alleged that MFA has engaged in illegal activity. And, while it is the same illegal activity in which Plaintiff alleges the non-Missouri defendants engaged, the Court has no allegations from which it can ascertain the level of MFA's conduct as it compares to the non-Missouri defendants.").

Plaintiffs could have satisfied their burden, for example, by including in their petition the number of Missouri residents AAA insures compared to the other insurance company defendants, and an estimate of the alleged subrogation payments received by AAA in comparison to those made by the non-Missouri defendants. See Johnson, 2013 WL 3448075, at *6. However, the only AAA specific allegation in the petition is that AAA is "a Missouri insurance company duly authorized and existing in accordance with Missouri Statute and, as such, writes, sells, and processes casualty and liability insurance claims in the State of Missouri."

---

- Defendants['] presentation of a subrogation claim against its insured when the insured has not been fully compensated for its "uninsured loss" is unlawful (Pet. ¶ 39);
- As a direct and proximate result of the aforementioned illegal and unlawful acts of each of the named Defendants, the Defendants have become unjustly enriched in receiving funds that they were not legally entitled to receive (Pet. ¶ 41)
- As a direct and proximate result of the aforementioned illegal and unlawful acts of each of the named Defendants, Plaintiffs have been damaged in the following respects, to-wit:
    a. Plaintiffs have incurred an increase in their liability and casualty insurance rates;
    b. Plaintiffs have failed to receive the full amount of their "deductible" as that term is used and defined in the Insurance policies Issued by the named Defendants to the named Plaintiffs, and all others similarly situated;
    c. Plaintiffs have failed to receive funds for any legal expenses and costs incurred in recovering funds from third party tortfeasors;
    d. Defendants have interfered with the Plaintiffs ability to present claims for damages (Pet. ¶¶ 43 (a)-(d)).

(Pet. ¶ 10.) Without more, the Court has no means of determining whether AAA's activity "forms a significant basis for the claims asserted." Johnson, 2013 WL 3448075, at *6. Accordingly, Plaintiffs have not demonstrated that AAA, a local defendant, is a significant defendant. This also precludes a finding that the local controversy exception applies.

**Fraudulent joinder**

Because the Court holds that the local controversy exception does not apply to this case, the Court has subject matter jurisdiction under CAFA, and Defendants' argument that AAA was improperly/fraudulently joined to defeat federal jurisdiction is moot. Johnson, 2013 WL 3448075, at *6.

**Conclusion**

Considering only the allegations of Plaintiffs' petition, Plaintiffs have failed to meet their burden of proving that CAFA's local controversy exception applies in this case. The Court, therefore, has jurisdiction over this action and the motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [34] is **DENIED.**

Dated this 12th day of January, 2018.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE