# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WHITE KNIGHT DINER, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-CV-02406 JAR |
| ) | |
| ARBITRATION FORUMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This is a putative class action filed by ten separate policyholders against seven unrelated insurance companies and an arbitration services provider. As the basis of their claims, Plaintiffs allege they suffered property damage caused by third-party tortfeasors; that the defendant insurance companies, after compensating Plaintiffs for their property loss, made illegal "subrogation claims" against the third-party tortfeasors or the tortfeasors' insurance companies; and that as a result of these actions, Plaintiffs' insurance premiums increased, they did not receive the full value of their deductibles, were not reimbursed for attorneys' fees and costs in their lawsuits against the tortfeasors, and were impeded from presenting their claims against the tortfeasors.

The action was originally filed in the Circuit Court of the City of St. Louis, Missouri on July 27, 2017 (Doc. No. 5) and removed to this Court on September 14, 2017 based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) (Doc. No. 1). Between September 15, 2017 and February 2, 2018, Defendants moved to dismiss Plaintiffs' complaint. (Doc. Nos. 12, 19, 21, 28, 78, 97). On February 26, 2018, the Court granted Plaintiffs leave to file an amended complaint and denied the pending motions to dismiss as moot. (Doc. Nos. 102, 109).

1

In their amended complaint[1], Plaintiffs seek a declaratory judgment (Count I); injunctive relief (Count II); damages for unjust enrichment (Count III); money had and received (Count IV); compensatory damages (Count V); and punitive damages (Count VI). (Doc. No. 110). Between March 20, 2018 and April 27, 2018, Defendants moved to dismiss Plaintiffs' amended complaint. (Doc. Nos. 115, 118, 122, 124, 126, 131, 161).[2] As grounds for their motions, Defendants argue generally that Plaintiffs' claims for equitable relief fail because they have an adequate remedy at law in the form of a breach of contract claim pursuant to their insurance policies. Defendants further argue that Plaintiffs' claims for compensatory and punitive damages fail because they are not separate causes of action. Defendant Arbitration Forums also moves to dismiss under the doctrine of arbitral immunity. Some of the Defendant insurers have also moved to dismiss the claims brought against them by Plaintiffs lacking a contractual relationship with them, as discussed below.

Plaintiffs respond that their claims are not based in contract because their insurance policies do not address the specific subject matter of illegal subrogation claims, and that even if a breach of contract claim existed, they are not precluded from pleading alternative claims for relief. In further response, Plaintiffs assert that the harm complained of is ongoing and subject to recurrence, necessitating declaratory and injunctive relief to stop and prevent further conduct.

---

[1] Although Plaintiffs refer to their pleading as a first amended complaint, the Court notes that on September 14, 2017, Plaintiffs amended their original complaint by interlineation to correct the names of Defendants Safeco Insurance Company of Illinois and Automobile Club Inter-insurance Exchange. (Doc. No. 6). The operative complaint therefore is actually Plaintiffs' second amended complaint.

[2] While the motions to dismiss were being briefed, Plaintiffs filed a notice to call to the Court's attention admissions made by State Farm in a state court action related to the underlying accident involving Plaintiff White Knight Diner which Plaintiffs contend are inconsistent with the position taken by both State Farm and Owners Insurance Company in the instant case. (Doc. Nos. 159, 159-1). State Farm insured the tortfeasor and Owners insured White Knight. In the state court action, State Farm sought a judgment against Owners for amounts it paid on what it claimed was Owners' "false subrogation claim," while denying in this case that payments arising from a "subrogation claim" against an alleged third party tortfeasor's insurer are unlawful and illegal. Plaintiffs also requested leave to begin discovery. (Id.)

Lastly, Plaintiffs contend on information and belief, that a civil conspiracy may exist between and among the Defendants concerning their practices of asserting and paying illegal subrogation claims.

On November 9, 2018, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint.[3] (Doc. No. 175). As grounds for their motion, Plaintiffs assert that information recently discovered by Plaintiff Jay Kiesewetter in related litigation provides them with the factual basis to add a count of civil conspiracy. Specifically, Plaintiffs allege that State Farm misrepresented to Arbitration Forums that it was authorized to pursue subrogation in the Kiesewetter action, which Arbitration Forums then repeated to Safeco in order to facilitate the illegal "subrogation claim" made by State Farm. Plaintiffs contend that this information gives them a basis to allege a civil conspiracy between "at least Defendants State Farm, Arbitration Forums and Safeco." (Id. at ¶ 13). Plaintiffs further assert "on information and belief" that the Defendant insurance companies that use Defendant Arbitration Forums for processing illegal "subrogation claims" operate in the same or similar manner. (Id.) Defendants oppose the motion on the basis of futility as well as on principles of undue delay and prejudice. (Doc. Nos. 176, 177, 180, 181, 182, 184, 185). The parties' motions are fully briefed and ready for disposition.[4]

**Discussion**

**Motion to amend**

Rule 15(a) provides that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave if the amendment would be futile, that is, if it could not withstand a motion to dismiss pursuant to Rule 12, Fed. R. Civ. P.

---

[3] This pleading would actually be Plaintiffs' third amended complaint. (See n.1).

[4] Plaintiffs have requested oral argument on Defendants' motions to dismiss. (Doc. No. 147). Finding that the issues have been extensively briefed and that oral argument would not assist the Court, the request is denied.

Trademark Med., LLC v. Birchwood Labs., Inc., 22 F. Supp.3d 998, 1002 (E.D. Mo. 2014) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard requires more than a sheer possibility a party has acted unlawfully, and "[i]f the claims are only conceivable, not plausible, the complaint must be dismissed." Id.

Allegations of civil conspiracy must be made with "particularity and specifically demonstrate with material facts that the defendants reached an agreement." Mendoza v. U.S. Immigration & Customs Enf't, 849 F.3d 408, 421 (8th Cir. 2017). Count VII of Plaintiffs' proposed amended complaint for civil conspiracy is directed against all of the Defendants based on facts that relate only to Plaintiff Kiesewetter and Defendants State Farm, Safeco and Arbitration Forums. These facts do not provide a sufficient basis for pleading a conspiracy among *all* of the named Defendants. See Criswell v. City of O'Fallon, Mo., No. 4:06CV01565 ERW, 2007 WL 1760744 at **4-5 (E.D. Mo. June 15, 2007) (conspiracy allegations must be supported by material facts, not conclusory statements). Moreover, this is the second time Plaintiffs have sought leave to amend their complaint after Defendants' motions to dismiss were fully briefed and awaiting disposition. The motion is untimely and, for the following reasons, does not cure the defects in the pleadings herein. Accordingly, Plaintiff's motion for leave to amend will be denied.

**Motions to dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." A complaint must show " 'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Here, the operative complaint fails to allege any connection between several of the named Plaintiffs and Defendants.[5] Only three of the ten named Plaintiffs, White Knight Diner, LLC, Karen Freiner and Larry Lee Hinds, were insured by Defendant Owners Insurance Company ("Owners"). Owners moves to dismiss with prejudice all claims asserted against it by the remaining seven plaintiffs with whom it has no contractual or other legal relationship. Likewise, Defendant State Farm Fire and Casualty Company and Defendant State Farm Mutual Automobile Insurance Company (collectively "State Farm") move to dismiss any claims that Plaintiffs William Wendling, Barbara Myers or Victoria Martin purport to assert against it as they have no policy with State Farm.[6] Defendants Zurich American Insurance Company ("Zurich") and Safeco Insurance Company of Illinois ("Safeco") did not insure any of the named Plaintiffs; rather, they insured third-party tortfeasors and made subrogation payments to

---

[5] It is also not clear from the complaint whether Plaintiffs are asserting claims against only their own respective insurers, or whether they are also asserting claims against the insurers of the alleged third-party tortfeasors. Compare Doc. No. 110 at ¶ 11 ("Plaintiffs have been damaged by the unlawful practices of … insurance companies for third-party tortfeasors"), with ¶ 78 (defining proposed class only to be individuals "having a policy of insurance issued in the State of Missouri by the named Defendants").

[6] Only four of the named Plaintiffs were insured by State Farm: Interventional Pain Institute, LLC; Jay Kiesewetter; Dr. Robert Thomure, DDS; and Kathleen Thomure.

Plaintiffs' insurers. Both Zurich and Safeco argue that because they did not insure any of the named Plaintiffs, Plaintiffs lack standing to assert any claims against them. Defendant Automobile Club Inter-Insurance Exchange ("AAA") has directed its motion to dismiss at Plaintiffs Barbara Meyers and Victoria Martin – the only two plaintiffs insured under policies issued by AAA. Similarly, Defendant Acuity Insurance Company ("Acuity")'s motion to dismiss is directed at Plaintiff William Wendling, the sole named Plaintiff with any connection to Acuity. The relationship between insurers and insureds is a contractual relationship. See Decoursey v. Am. Gen. Life Ins. Co., No. 13-01221-CV-W-GAF, 2014 WL 12600954, at *7 n.5 (W.D. Mo. April 15, 2014). As presently pled, the motions to dismiss by individual Defendants brought against the individual Plaintiffs with no contractual or other legal relationship to those Defendants are well taken.

    The Court is faced with an action involving multiple claims by multiple unrelated plaintiffs against multiple unrelated defendants. While all of the Plaintiffs allege harm resulting from their respective insurers' settlement and payment of subrogation claims through an arbitration services company without their consent, the circumstances surrounding each of their claims is highly individualized. Maintaining these claims in a single action would be completely unmanageable given the risk of confusion and prejudice and the need for plaintiff-specific discovery. Plaintiffs attempt to connect their unrelated claims by asserting that every Defendant's conduct was motivated by a conspiracy to "unlawfully process and dispose of subrogation claims of Defendant Insurance Companies' insureds." (Doc. No. 175-5 at ¶ 128). However, as discussed above, Plaintiffs have failed to plead that such a conspiracy involving every Defendant existed.

The Court has considerable discretion – particularly at the pleading stage – to manage and structure civil litigation in order to promote judicial economy and avoid prejudice to the parties. See Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). In order to achieve a fair and efficient resolution under the uniquely complex circumstances of this case, the Court finds the only remedy to address Plaintiffs' pleading deficiencies is to dismiss the case in its entirety without prejudice. The Court recognizes that it may at any time, on just terms, "add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. As this case has been pled, however, the Court is unable to determine which parties should remain and which parties must be dropped or which claims could be severed.

**Conclusion**

For these reasons, the Court will deny Plaintiffs' motion for leave to amend their complaint and dismiss their claims without prejudice to refiling.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint [175] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

Dated this 25th day of March, 2019.

                                              **JOHN A. ROSS**
                                              **UNITED STATES DISTRICT JUDGE**