**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

WHITE KNIGHT DINER, LLC, et al.,      )
                                      )
              Plaintiffs,             )
                                      )
        v.                            )      No. 4:17-CV-02406 JAR
                                      )
ARBITRATION FORUMS, INC., et al.,     )
                                      )
              Defendants.             )

## MEMORANDUM AND ORDER

The background of this case is set out in detail in the Court's March 25, 2019 Order of Dismissal (Doc. No. 186) and will not be repeated here. As relevant to Defendant Owners Insurance Company's pending motion to dismiss (Doc. No. 204) and motion to strike "Third Amended Complaint" (Doc. No. 210), the Court subsequently vacated its March 25 Order of Dismissal as it related to Defendant Owners and the three named Plaintiffs. The Court severed the claims brought against Owners by these Plaintiffs, as well as Owners' counterclaim, for further proceedings and ordered Plaintiffs to refile a separate complaint against Owners. (Doc. No. 194).

On May 13, 2019, Plaintiffs filed a separate pleading titled "Complaint." The Complaint removed certain plaintiffs and defendants but included the same Counts and allegations from the previous class action complaint. (Doc. No. 200). On May 28, 2019, Owners moved to dismiss with prejudice Counts III through VI of Plaintiff's "Complaint."[1] Plaintiffs requested and were granted an extension of time to respond to Owners' motion to dismiss, up to and including June 18, 2019. (Doc. Nos. 206, 207). On June 18, 2019, Plaintiffs filed their Third Amended Complaint "as of right against Defendant Owners pursuant to Fed. R. Civ. P. 15(a)." (Doc. No.

---

[1] Count III of the Complaint asserts a claim for unjust enrichment; Count IV asserts a claim for money had and received; Count V asserts a claim for compensatory damages; and Count VI asserts a claim for punitive damages.

208 at ¶ 34). Owners moves to strike the Third Amended Complaint on the grounds that it was filed without consent or leave of the court and in response to a motion to dismiss in an effort to delay these proceedings. In their opposition to Owners' motion to strike, Plaintiffs maintain that their complaint constitutes a new pleading which they would have the opportunity to amend more substantively under Rule 15.

The Court notes it was the agreement and intent of the parties to proceed in this case with the filing of a separate complaint against Owners. Although Plaintiffs have not complied with the Federal Rules of Civil Procedure, in order to effect the parties' agreement and intent, the Court will allow and consider Plaintiffs' "Third Amended Complaint." However, no further amendments will be allowed. The Court reminds the parties that they must comply with the Federal Rules.

With regard to Owners' motion to dismiss, although an amended complaint typically moots a previously filed motion to dismiss, upon notice to the Court, Owners may elect to have its motion to dismiss applied to Plaintiffs' Third Amended Complaint. Alternatively, Owners may elect to file a new motion to dismiss the Third Amended Complaint, at which time the Court will address the merits of Owners' arguments.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike "Third Amended Complaint" [210] is **DENIED**.

**IT IS FURTHER ORDERED** that within **seven (7) days of the date of this Order**, Defendant shall file a notice with the Court as to how it wishes to proceed on its motion to dismiss.

Dated this 11th day of July, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**